**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 14, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

EMILIO ZURITA-CRUZ,

Petitioner - Appellant,

v.

STATE OF KANSAS,

Respondent - Appellee.

No. 21-3224
(D.C. No. 5:21-CV-03035-SAC)
(D. Kan.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Petitioner Emilio Zurita-Cruz, a Kansas state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to appeal the district court's dismissal of his

28 U.S.C. § 2254 petition for writ of habeas corpus.  Because Zurita-Cruz has failed to

satisfy the standards for issuance of a COA, we deny his request and dismiss this matter.

I

On February 8, 2008, Zurita-Cruz was convicted by a jury in the District Court of

Finney County, Kansas, of one count of rape and one count of aggravated criminal

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sodomy. Zurita-Cruz was sentenced on March 25, 2008, to a term of imprisonment of 288 months. A journal entry of judgment was entered on that same date.

Approximately five years later, on April 15, 2013, Zurita-Cruz wrote a letter to the state trial court asserting that "for some unknown reason" his appointed attorney, Linda Eckelman, "failed to file a notice of appeal." ROA at 88. Zurita-Cruz asked the state trial court to "help [him] get [his] appeal filed, docketed and appellate counsel appointed." *Id*. The state trial court construed the letter as a motion to file a notice of appeal out of time, appointed counsel to represent Zurita-Cruz, and held a hearing on the motion on June 6, 2013. Both Zurita-Cruz and Eckelman testified at the hearing, as did the interpreter who worked with Zurita-Cruz during the sentencing proceeding. Zurita-Cruz testified that at the conclusion of the sentencing hearing he asked trial counsel to file a notice of appeal. Eckelman, however, testified that she discussed the right to appeal with Zurita-Cruz after sentencing and Zurita-Cruz "did not want an appeal at that time" and instead wanted to hire a different attorney to represent him. *Id*. at 106. The interpreter testified that she had no recollection of Zurita-Cruz asking Eckelman to file an appeal. At the conclusion of the hearing, the state trial court found the testimony of Eckelman to be more credible, and it denied Zurita-Cruz's motion to file a notice of appeal out of time.

Zurita-Cruz, still represented by appointed counsel, appealed from the state trial court's denial of his motion to file a notice of appeal out of time. On September 18, 2015, the Kansas Court of Appeals affirmed the state trial court's denial of Zurita-Cruz's motion to file a notice of appeal out of time. *State v. Zurita-Cruz*, No. 110,442 (Kan. Ct.

2

App. Sept. 18, 2015).  The Kansas Supreme Court denied review of the case on June 21, 2016.

On September 12, 2016, Zurita-Cruz filed with the state trial court a pro se motion for post-conviction relief under Kan. Stat. Ann. § 60-1507 alleging ineffective assistance of trial and appellate counsel.  Zurita-Cruz's motion was denied on May 17, 2017. Zurita-Cruz did not appeal from that ruling.

On February 2, 2021, Zurita-Cruz initiated these federal proceedings by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In Ground One of his petition, Zurita-Cruz alleged that his constitutional due process rights were violated when the state trial court denied his motion to file a late notice of appeal.  In Ground Two of his petition, Zurita-Cruz alleged that Eckelman was ineffective for failing to file a direct appeal.  In Ground Three of his petition, Zurita-Cruz alleged that he received ineffective assistance of appellate counsel from the attorney who represented him in appealing the state trial court's denial of his motion to file a notice of appeal out of time. In Ground Four of his petition, Zurita-Cruz alleged that his constitutional due process rights were violated at trial in two respects: (a) because the state trial court failed to obtain a unanimous poll from the jury regarding their verdict; and (b) because the prosecutor lied to Eckelman and told her that Zurita-Cruz "would go to prison and do time" if Zurita-Cruz testified at trial, but that if Zurita-Cruz did not testify, "the prosecutor would let him go." *Id.* at 44.

The district court directed respondent to file a pre-answer response "addressing (1) the affirmative defense of timeliness under 28 U.S.C. § 2244(d) and (2) whether [Zurita-Cruz] defaulted his appeal from his post-conviction motion." *Id*. at 70.

Respondent filed a pre-answer response arguing that Zurita-Cruz's habeas petition was "time-barred by the statute of limitations." *Id*. at 72. In support, respondent argued that "[u]nder the law in effect at the time of . . . conviction, [Zurita-Cruz] had ten days (not including weekends) from the date of sentencing to file a notice of appeal." Id. at 75 (citing Kan. Stat. Ann. § 22-3608(c) (2007)). "Because he did not do so," respondent argued, "his conviction became final on that date," i.e., "April 8, 2008." *Id*. Respondent noted that Zurita-Cruz thereafter "took no action in his case for roughly five years," and thus "[t]he one-year statute of limitations for seeking federal relief . . . expired on April 9, 2009." *Id*. Respondent argued that "[b]ecause [Zurita-Cruz] did not appeal his conviction, and because his attempt to appeal out of time was rejected by the state courts, there were no state proceedings to toll the federal statute of limitations." *Id*. at 76. Finally, respondent argued that Zurita-Cruz did not diligently pursue his claims and therefore was not entitled to equitable tolling of the statute of limitations.

On August 4, 2021, the district court issued a memorandum and order dismissing Zurita-Cruz's petition as untimely. The district court noted that Zurita-Cruz's petition was subject to the one-year limitation period set forth in 28 U.S.C. § 2244(d). The district court in turn concluded that the five-year period between the date his convictions and sentence became final and the date he notified the state trial court that he wished to appeal out of time was "sufficient to support a finding that [he] failed to timely present

4

this habeas corpus action." *Id*. at 132.  The district court further concluded that "even if [it] found that [Zurita-Cruz] w[as] entitled to equitable tolling following his sentence, the record showe[d] that following the denial of relief in his action under [Kan. Stat. Ann. §] 60-1507," Zurita-Cruz "did not appeal and waited almost four years before he filed the present federal petition." *Id*.  "Either of these delays," the district court concluded, was "sufficient to persuade [it] that th[e] petition was not timely filed." *Id*.  And, the district court noted, Zurita-Cruz "had not advanced any grounds to support equitable tolling or to excuse the failure to timely file." *Id*.  Lastly, the district court concluded that Zurita-Cruz was not entitled to a COA.  Final judgment was entered in the case that same day.

Zurita-Cruz filed a motion to reopen the case.  Zurita-Cruz alleged that, due to Covid-related prison transfers, he had been unaware of respondent's pre-answer response and he asked the district court for an opportunity to respond to it.  On October 19, 2021, the district court issued a show cause order granting Zurita-Cruz one month in which to file a response to respondent's pre-answer response.

On November 4, 2021, Zurita-Cruz filed a response alleging that his petition should not be dismissed on statute of limitations grounds because he "is 'actually innocent' of rape . . . and sodomy," and because he "received ineffective assistance of trial counsel, direct appeal counsel, post conviction [sic] counsel, and appellate counsel, who all refused and failed to argue [his] 'actual innocence.'" *Id*. at 213.  Zurita-Cruz also argued that "exceptional circumstances" existed "that prevent[ed] him from being procedurally barred." *Id*.  In support, Zurita-Cruz repeated his allegations that he asked Eckelman to file an appeal and that she failed to do so, and he also argued that the

attorney who represented him on appeal from the state trial court's denial of his motion to file an appeal out of time was ineffective due to the manner in which she argued the appeal. Zurita-Cruz also complained that the state trial court refused to appoint him counsel to represent him in appealing from the denial of his motion for state post-conviction relief. Finally, Zurita-Cruz argued that he was entitled to equitable tolling of the limitations period because he had diligently pursued his claims in the Kansas state courts.

On November 29, 2021, the district court issued a memorandum and order denying Zurita-Cruz's motion to reopen the case. In doing so, the district court considered and rejected each of the grounds cited by Zurita-Cruz in his response. In particular, the district court noted that Zurita-Cruz failed to "identify any new, reliable evidence that supports a finding of factual innocence," and thus there was no merit to his claim of actual innocence. *Id*. at 227. The district court also considered and rejected each of the grounds for equitable tolling that were cited by Zurita-Cruz.

Zurita-Cruz filed a timely notice of appeal and has since filed an application for COA with this court.

II

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Rather, "[f]ederal law requires that he first obtain a COA from a circuit justice or judge." *Id*. (citing 28 U.S.C. § 2253(c)(1)). To obtain a COA, a state prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

6

§ 2253(c)(2). This requires the prisoner to "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (alteration in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  To do so, the prisoner must show that the district court's resolution of the claims was "debatable or wrong." *Slack*, 529 U.S. at 484.  When a district court dismisses a Section 2254 claim on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Id*. at 484–85.

Here, the district court dismissed Zurita-Cruz's petition as untimely.  As the district court noted, 28 U.S.C. § 2244(d)(1)(A) provides, in pertinent part, that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court" and "shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Under Kansas state law, Zurita-Cruz had ten days "after the judgment of the [state trial] court to appeal."  Kan. Stat. Ann. § 22-3608(c) (2007).  Because Zurita-Cruz did not file a direct appeal, the judgment in his case became final on or about April 9, 2008, following the expiration of his ten-day period for filing a notice of appeal.  From that point, the one-year limitations period ran unabated and expired on or about April 9, 2009.

To be sure, Zurita-Cruz asserts that he is entitled to equitable tolling of the limitations period.  A state prisoner may be entitled to equitable tolling of the one-year limitations period if he establishes that (1) he diligently pursued his federal claims, but (2) extraordinary circumstances prevented him from filing a timely federal habeas petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The district court in this case concluded, in pertinent part, that Zurita-Cruz could not establish diligent pursuit of his federal claims because he waited approximately five years from the date his convictions became final before he contacted the state trial court about filing a notice of appeal out of time.  Our review of the record on appeal persuades us that reasonable jurists could not disagree as to this conclusion.

III

The application for COA is therefore DENIED and the matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge